Filed 8/19/15  P. v. Coleman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078570 |
| v. | (Super. Ct. No. CRF14808) |
| MARCELUS EARL COLEMAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Marcelus Earl Coleman asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no arguable error that would result in a disposition more favorable to defendant.  However, we modify the judgment to increase the domestic violence fee to the statutory minimum.  We also order a correction of the order setting forth the terms and conditions of defendant's probation to reflect the modified domestic violence fee and the domestic violence prevention fee imposed by the trial court.  We affirm the judgment as modified.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.) Defendant and the victim were in an intermittent relationship for approximately eight years, and he was the father of one of the victim's daughters and of her unborn child. They were not in a relationship on February 16, 2014, when the victim allowed defendant to come to her home to visit his daughter and the victim's other daughter. He spent the night, and on the evening of February 17, 2014, he called the victim and wanted to return to her home. The victim did not want him to return because they had argued the night before. Nevertheless, she allowed him to return on the evening of February 17, 2014.

When defendant arrived, the victim was in her bedroom. Defendant entered her bedroom, and they began to argue. When she refused to let him move back in or to give him a key, he "blew up" and "got upset." He began strangling her -- placing both hands around her neck and pressing her back onto her bed with his weight on top of her. He maintained his stranglehold for 15 to 20 seconds, during which she felt dizzy and could not breathe. She tried to fight him off and was eventually able to get free, but when she tried to leave the bedroom, defendant blocked her exit. He cornered her in her room, closed her third-floor bedroom window, and spit in her face. She tried to leave the room again, but he closed the door and held the doorknob from the outside so she could not leave. Defendant let her out of the room after a few minutes, and she tried to signal to her daughter to call the police, but her daughter was scared.

After they left the bedroom, defendant calmed down a bit, though he kept refusing to leave and insisted he was going to stay there. When defendant was not paying attention, the victim sent a text message to her mother to "call the police and send them to my [the victim's] house." The victim's mother called 911 and asked that officers be dispatched. As officers approached the residence, they could hear a man and woman inside arguing loudly. After listening for a minute, an officer knocked on the door. The

2

victim reached out to open the door, but before she could fully open it, defendant pushed it closed.

Defendant was charged with false imprisonment with force and violence (Pen. Code, §§ 236, 237, subd. (a) -- count one)[1] and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) -- count two). It was also alleged defendant had sustained a prior strike conviction within the meaning of section 667, subdivisions (c) and (e)(1), and a prior prison term within the meaning of section 667.5, subdivision (b). It was further alleged defendant was not eligible to serve any resulting sentence in county jail pursuant to section 1170, subdivision (h)(3).

A jury found defendant not guilty of false imprisonment with force and violence and of the lesser included crime of false imprisonment. It also found defendant not guilty of assault by means of force likely to produce great bodily injury, but found him guilty of the lesser related crime of misdemeanor battery against a fellow parent (§ 243, subd. (e)(1)). The trial court sentenced defendant to serve 210 days in county jail with 192 days of credit for time served, granted defendant three years of summary probation, ordered defendant to attend a 52-week anger management course, pay the minimum fine of $245 (a restitution fine of $150 plus associated statutory penalty assessments), a $400 domestic violence fee, and a $250 domestic violence prevention program fee, and imposed and stayed a probation revocation restitution fine in the amount of $150. Defendant was also ordered to stay away from the victim and her daughters, except as required for the safe exchange of the children for court-ordered parental visitation.

---

**1**      Undesignated statutory references are to the Penal Code.

Defendant appealed his conviction to the appellate division of the superior court. He subsequently sought and obtained a transfer of his appeal to this court. Counsel was appointed to represent defendant on appeal.

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, we note the $400 domestic violence fee imposed by the trial court is less than the statutory minimum fee of $500. (§ 1203.097, subd. (a)(5).) The trial court may reduce or waive this fee "[i]f, after a hearing in open court, [it] finds that the defendant does not have the ability to pay," but to do so, the trial court must state on the record its reason for reducing or waiving the fee. (*Ibid.*) Here, the trial court indicated its intention to impose the minimum fee, and relied on the clerk for its erroneous representation that the statutory minimum was $400. Therefore, we modify the judgment to reflect that defendant must pay a domestic violence fee of $500.

Additionally, neither this domestic violence fee nor the $250 domestic violence prevention fee (§ 1463.27) imposed by the court is reflected in the order setting forth the terms and conditions of defendant's probation. Therefore, we order correction of the order setting forth the terms and conditions of defendant's probation.

DISPOSITION

The judgment is modified to increase the domestic violence fee to $500 pursuant to Penal Code section 1203.097, subdivision (a)(5). As modified, the judgment is affirmed. The clerk of the trial court is directed to prepare an amended and corrected

4

order setting forth the terms and conditions of probation to reflect the $250 domestic violence prevention fee and the modified domestic violence fee and to forward a certified copy of the amended order to the Yolo County probation department.


                                                    HOCH      , J.


We concur:


       ROBIE     , Acting P. J.


       MAURO   , J.